IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CLIFTON B. CLOYD | § | |
| v. | § | CIVIL ACTION NO. 5:22cv72 |
| WARDEN SALMONSON | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Clifton Cloyd, a prisoner currently confined in the Federal Correctional Institution in Texarkana, Texas proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 complaining of the legality of his conviction. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**The Petitioner's Complaint**

Court records show that on July 1, 2015, Petitioner pleaded guilty in the United States District Court for the District of Kansas to one count of bank robbery and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, receiving a sentence of 17 years in prison followed by five years of supervised release. He filed a motion to vacate or correct sentence under 28 U.S.C. § 2255 on August 29, 2018, but appointed counsel later filed a motion for voluntary dismissal, stating that he determined Petitioner did not have a factual basis upon which to proceed. This motion was granted and the § 2255 motion was dismissed on May 8, 2020.

On July 27, 2020, Petitioner filed a *pro se* notice of appeal, but the Tenth Circuit dismissed the appeal as untimely. Petitioner sought leave from the district court to reopen the time to appeal, but this request was denied on February 2, 2021. *See United States v. Cloyd*, cause no. 14-20118-01, 2021 U.S. Dist. LEXIS 19107 (D. Kan., February 2, 2021).

In his present habeas petition, Petitioner contends that the Government obtained video recordings of privileged and confidential attorney-client meetings which took place in the meeting rooms of the detention center where he was confined. These recordings were made between February 20 and May 16 of 2016, at a time when Petitioner states that he had been in meetings with his attorney. He asserts that an investigation also showed that the U.S. Attorney's Office "intentionally procured and possessed potentially phone calls [sic] that took place between Petitioner and his counsel while he was detained at [the detention center]." Although the court directed that this evidence be preserved, Petitioner claims that the Government spoliated it. He maintains that his Sixth Amendment rights have been violated and habeas corpus relief is required.

Petitioner argues that a prisoner may challenge the legality of his conviction under 28 U.S.C. § 2241 if a motion to vacate under § 2255 is inadequate or ineffective to test the validity of his conviction or sentence. He argues that "it is obvious that with the denial of Petitioner's § 2255 motion, it was inadequate or ineffective to test the validity of his conviction, that the §2241 petition is the appropriate rule for relief."

**Discussion**

Motions to vacate or correct sentence under 28 U.S.C. § 2255 provide the primary means of collateral attack upon a federal sentence. *Hammoud v. Ma'at*, 49 F.4th 874, 878 (5th Cir. 2022), *citing Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). This statute provides for a motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

However, in extremely limited circumstances, federal prisoners may seek post-conviction relief through a petition under § 2241 rather than a motion under § 2255. In order to do so, they must proceed under the "savings clause" of § 2255(e), which reads as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Fifth Circuit has explained that by its terms, the saving clause does not accommodate claims which may be remedied under § 2255, explaining that a petition for a writ of habeas corpus under § 2241 is not a substitute for a motion under § 2255. *Hammoud*, 49 F.4th at 879. The defendant need not file, let alone prevail, on a § 2255 motion; so long as the district court would have had jurisdiction to consider such a motion, it bars relief under § 2241. Thus, the Fifth Circuit stated that it is "beyond question" that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, or because the individual does not attempt to use it. *Id.* Neither a prior unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective. *Pack*, 218 F.3d at 452-53, *citing Tolliver*, 211 F.3d at 878; *see also Bell v. Holder*, 488 F.App'x 822, *823, 2012 U.S. App. LEXIS 19085 (5th Cir., September 11, 2012).

Instead, the Fifth Circuit has held that the savings clause of § 2255 applies to a claim (1) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a non-existent offense, and (2) that was foreclosed by circuit

3

law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Cabello v. United States*, slip op. no. 21-51066, 2022 U.S. App. LEXIS 19378 at *2 (5th Cir., July 13, 2022), *citing Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). The petitioner bears the burden of demonstrating that the remedy under § 2255 is inadequate or ineffective. *Pack*, 218 F.3d at 452.

In the present case, Petitioner complains of an alleged Sixth Amendment violation and asserts that the remedy under § 2255 is inadequate or ineffective because the motion to vacate or correct sentence which he filed was dismissed. He offers nothing to suggest that he may have been convicted of a non-existent offense, much less that any challenge to such a conviction was foreclosed by circuit law at the time that the claim should have been raised at trial, on appeal, or in a § 2255 motion. Petitioner thus does not meet the prerequisites of the savings clause. *See Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017).

The Fifth Circuit has explained that where a petitioner is not entitled to proceed under § 2241 through the savings clause, it is appropriate for the district court to construe the petition as a motion under § 2255. *Pack*, 218 F.3d at 452. A motion under § 2255 must be filed in the court where the sentence or conviction being challenged was imposed. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Petitioner was convicted in the District of Kansas, rendering the Eastern District of Texas without jurisdiction to consider Petitioner's claims under § 2255. Because Petitioner has not shown that he is entitled to proceed under § 2241 through the savings clause, and the Court lacks jurisdiction over his claims under § 2255, his petition should be dismissed without prejudice to his right to raise his claims in the court of conviction, including his right to seek leave from the appellate court to file a successive petition. *Christopher*, 342 F.3d at

385 (remanding with instructions to dismiss for want of jurisdiction where the prisoner did not meet the requirements of the savings clause); *see also Goree v. Chapa*, 589 F.App'x 275, *276, 2015 U.S. App. LEXIS 109 (5th Cir., January 6, 2015) (Fifth Circuit determined that the petitioner could not proceed under the savings clause and held that "accordingly, the petition was properly dismissed because the district court lacked jurisdiction over the § 2255 motion, which could be filed, if at all, in the district where Goree was sentenced"); *Rainwater v. Werlich*, 647 F.App'x 496, *498, 2016 U.S. App. LEXIS 8536 (5th Cir., May 9, 2016) (same).

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for the writ of habeas corpus be dismissed without prejudice for want of jurisdiction. It is further recommended that to the extent that a certificate of appealability may be required, such certificate be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 12th day of January, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE