IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CLIFTON B. CLOYD, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-72-RWS-JBB |
| WARDEN SALMONSON, | § § § | |
| Respondent. | § § | |

**ORDER**

Before the Court are Petitioner Clifton Cloyd's objections to the Magistrate Judge's Report and Recommendation. Docket No. 8. Petitioner, a prisoner currently confined in the Federal Correctional Institution in Texarkana, TX, proceeding *pro* se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 complaining of the legality of his conviction. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended that Petitioner's petition be dismissed without prejudice for want of jurisdiction (Docket No. 3), to which Petitioner objected (Docket No. 8). After conducting a careful *de novo* review, and for the reasons stated below, the Court hereby **OVERRULES** Petitioner's objections and **ADOPTS** the recommendation of the Magistrate Judge.

**I.    Background**

Petitioner pleaded guilty to one count of bank robbery and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in the United States District Court for the District of Kansas. *See, e.g.*, Docket Nos. 1, 3. Petitioner was sentenced to 17 years in prison and five years of supervised release. Docket No. 1 at 11. On August 29, 2018, Petitioner

filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255 in the District of Kansas, but appointed counsel later filed a motion for voluntary dismissal because Petitioner did not have a factual basis upon which to proceed. Docket No. 3 at 1. Accordingly, the motion was granted and the § 2255 proceeding was dismissed. *Id.* Petitioner then filed a *pro se* notice of appeal on July 27, 2020, which the Tenth Circuit Court of Appeals dismissed as untimely.[1] *Id.* Petitioner subsequently filed this petition for habeas corpus in the Eastern District of Texas challenging the legality of his conviction under 28 U.S.C. § 2241. *See* Docket No. 1. The Magistrate Judge issued a Report recommending dismissal of the case for want of jurisdiction (Docket No. 3), to which Petitioner filed objections. Docket No. 8.

## II.     Legal Standard

A district court must perform a *de novo* review of the portions of a magistrate judge's report and recommendation to which any party files an objection. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000) ("Because [Petitioner] objected to the findings of the magistrate judge's report in a timely fashion, the district court was required to perform a de novo review of the petition.").

## III.    Analysis

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. *See generally* Docket No. 3. The Magistrate Judge observed that motions to vacate or correct sentence under 28 U.S.C. § 2255 provide the primary means of collateral attack

---

[1] Petitioner also sought leave from the district court to reopen the time to appeal under 28 U.S.C. § 2107(c), which the district court denied. *See United States v. Cloyd*, No. 14-20118-01-JAR, 2021 WL 351452, at *1 (D. Kan. Feb. 2, 2021).

upon a federal sentence, but that in extremely limited circumstances, federal prisoners may seek post-conviction relief through a habeas petition under § 2241 rather than a motion under § 2255. *Id*. at 2–3. In order to do so, petitioners must proceed under the "savings clause" of § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

But the Fifth Circuit has held that a petition for the writ of habeas corpus under § 2241 is not a substitute for a motion under § 2255. *See Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022). Therefore, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, or because the individual does not attempt to use it. *Id.* Neither a prior unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000).

Instead, the savings clause of § 2255 applies to a claim (1) that is "based on a retroactively applicable Supreme Court decision," (2) which established that the petitioner may have been convicted of a non-existent offense, and (3) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003); *see also Carmona v. Warden, Fed. Corr. Inst. Beaumont Medium*, No. 22-40834, 2023 WL 4399237, at *1 (5th Cir. July 7, 2023). In other words, a petitioner may seek relief under § 2255 if they have been imprisoned for conduct which is not prohibited by law. *Christopher*, 342 F.3d at 381. The petitioner bears the burden of demonstrating that the remedy under § 2255 is inadequate or ineffective. *Pack*, 218 F.3d at 452.

The Magistrate Judge observed that Petitioner complained of an alleged Sixth Amendment violation and that the remedy under § 2255 was inadequate or ineffective because the motion to

vacate or correct sentence which he filed was dismissed. Docket No. 3 at 4. However, Petitioner offered nothing to suggest that he may have been convicted of a non-existent offense, or that any challenge to such a conviction was foreclosed by circuit law at the time that the claim should have been raised at trial, on appeal, or in a § 2255 motion. *See, e.g.*, Docket No. 1. Instead, Petitioner simply argued that the remedy under § 2255 was inadequate or ineffective because it had been unsuccessful. *See id.* The Magistrate Judge therefore determined that Petitioner did not meet the prerequisites of the savings clause. *See* Docket No. 3 at 4–5.

Where a petitioner is not entitled to proceed under a § 2241 habeas petition through the savings clause, it is appropriate for the district court to construe the petition as a motion under § 2255. *See Pack*, 218 F.3d at 452; *Carmona*, 2023 WL 4399237, at *1. A motion under § 2255 must be filed in the court where the sentence or conviction being challenged was imposed. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987) ("[T]he district court did not have jurisdiction to treat [Petitioner's] complaint as a section 2255 motion because a section 2255 motion must be filed with the sentencing court."). Because Petitioner was convicted and sentenced in the District of Kansas, the Magistrate Judge determined that the Eastern District of Texas lacked jurisdiction to consider Petitioner's claims under § 2255. Docket No. 3 at 4. Therefore, the Magistrate Judge recommended that the petition be dismissed without prejudice as to Petitioner's right to raise his claims in the court of conviction, including his right to seek leave from the appellate court to file a successive petition. *Id.* at 4–5.

In his objections, Petitioner complains that the Magistrate Judge based his discussion on the proposition that a § 2255 motion is the proper vehicle to address Petitioner's complaint, without addressing the issue raised concerning the integrity of the proceedings. Docket No. 8 at 2–3. Petitioner argues that "this tactic is an obvious attempt to exonerate the Government for its

violations and paint the petitioner as the villain and not the victim, as he was and still is." Id. at 2. While Petitioner acknowledges that he was not convicted of a non-existent offense, he contends his defense was compromised by the Government's actions. *Id.* at 3. Petitioner further argues that there is a reasonable probability the outcome would have been different if he had been given a fair trial. *Id.* at 3.  Because one side allegedly had an unfair advantage, Petitioner states that the Court "should be concerned with whether, despite the strong presumption of reliability, the result of this particular proceeding may be unreliable because of a breakdown in the adversarial process that the system counts on to produce just results." *Id.* at 4. Petitioner goes on to argue that the Constitution's guarantee of the integrity of the proceedings may not be overlooked under any circumstances and that to ignore the issue at hand will only embolden more acts of deceit by the Government while his own case falls through the cracks. *Id.* at 5–6.

The Magistrate Judge correctly stated that in order to use the savings clause to challenge a conviction under 28 U.S.C. § 2241, a petitioner must show that this conviction was based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a non-existent offense, and that his claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See, e.g., Cristopher*, 342 F.3d at 381; *see also Carmona*, 2023 WL 4399237, at \*1. Petitioner *concedes* that he was not convicted of a non-existent offense and does not show that his claims were foreclosed by circuit law at the time he could have raised them. *See generally* Docket Nos. 1, 8. Consequently, Petitioner is not entitled to challenge his conviction through a § 2241 habeas petition under the savings clause. Instead, his claims must be brought through a motion to vacate or correct sentence under 28 U.S.C.§ 2255. Because § 2255 motions must be brought in the sentencing court, the Magistrate Judge properly concluded that this Court, the Eastern District of

Texas, lacks jurisdiction to consider § 2255 claims arising in the District of Kansas. As a result, the Court is not required to address the merits of Petitioner's claims, and the petition is properly dismissed for want of jurisdiction. *See, e.g.*, *Parker v. Holder*, 423 F. App'x 408, 409 (5th Cir. 2011) ("Moreover, to the extent that the petition was dismissed for lack of jurisdiction, the district court was not required to address the merits of Parker's claims or to conduct an evidentiary hearing regarding the claims."); *Jones v. Fox*, 326 F. App'x 320, 321 (5th Cir. 2009) (affirming district court dismissal of § 2241 motion that was best construed as a § 2255 motion over which the district court did not have jurisdiction).

### IV.   Conclusion

The Court has conducted a careful *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 8) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned writ of habeas corpus (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

**So ORDERED and SIGNED this 29th day of November, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE